UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICE RAMONE CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0349-CVE-SH |
| | ) |
| ANGELA HEARRELL, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Erice Ramone Carter, appearing pro se,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2019-4570. Respondent Angela Hearrell has moved to dismiss the petition, arguing that Carter failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Carter failed to exhaust available state remedies before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1). Having considered the petition (Dkt. # 1) and Hearrell's motion to dismiss (Dkt. # 6) and brief in support (Dkt. # 7), the Court grants Hearrell's motion and dismisses the petition as barred by the statute of limitations.

I.   BACKGROUND

Carter entered a plea of guilty on March 9, 2020, to possession of a controlled drug with intent to distribute, acquiring proceeds from drug activity, possession of drug paraphernalia, and

---

[1] Because Carter appears without counsel, the Court must liberally construe his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

trespassing after being forbidden. Dkt. # 7-2; Dkt. # 7-3, at 2-3, 9.[2] That same day, the trial court sentenced Carter, in accordance with the plea agreement, to concurrently serve two six-year terms in state prison, one-year in the Tulsa County Jail, and ten days in the Tulsa County Jail. Dkt. # 7-1, at 1-3. Carter did not seek leave to withdraw his plea within ten days of sentencing or otherwise perfect a direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals. Dkt. # 7-3, at 10-13; see Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who pleaded guilty). Rather, Carter filed an application for postconviction relief in the state district court on January 25, 2021, primarily challenging his arrest and the sufficiency of the evidence against him. Dkt. # 7-7. The state district court denied Carter's application on March 30, 2021, and though Carter filed a notice of appeal, he later withdrew the notice. Dkt. # 7-8; Dkt. # 7-9; Dkt. # 7-10. Carter filed a second application for postconviction relief on October 26, 2021, which the state district court denied. Dkt. # 7-13; Dkt. # 7-20.

      Carter filed his federal habeas petition on August 8, 2022, alleging that his counsel was ineffective, that the warrants executed in his case were flawed, that there was no nexus connecting him to the narcotics and paraphernalia seized, and that his plea counsel coerced him into entering a plea of guilty. Dkt. # 1, at 5, 7, 8, 10.

---

[2] The Court's citations refer to the CM/ECF header pagination.

II.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

    a.    The Applicable Limitations Period

Carter's judgment became final on March 19, 2020, upon the expiration of his ten-day deadline to seek withdrawal of his plea. See Okla. Crim. App. R. 4.2(A). His one-year limitation period under § 2244(d)(1)(A) commenced the next day, March 20, 2020, and Carter failed to file his federal habeas petition within one year of that date, instead waiting until August 8, 2022, to request habeas relief. Carter seeks to excuse the delay with the following explanations: (1) "While in prison petitioner decided to seek relief pro-se but due to Covid-19 restrictions and facility lockdowns petitioner was unable to access legal resources for most of 2020 and 2021 years." (2) "Petitioner also found out that his child's mother still had text messages exchange with petitioner's

3

counsel. Petitioner directed her to print them to support his defense argument." (3) "After filing another subsequent post-conviction relief on 10/26/2021 the district court ignored the filing until petitioner filed a mandamus with the appeals court MA-2022-129. The district court judge then denied that asking on 02/28/2022 and petitioner appealed. Appeal was denied for lack of jurisdiction on May 24th 2022." Dkt. # 1, at 13-14.

These allegations fail to trigger 28 U.S.C. § 2244(d)(1)(B), (C), or (D). First, Carter's allegation of COVID-19 restrictions and facility lockdowns does not demonstrate a state-created impediment under § 2244(d)(1)(B). The impediment contemplated in § 2244(d)(1)(B) "must have actually prevented the inmate from filing" his petition, and Carter's suggestion of such an impediment is undermined by his submission of several substantive filings prior to his federal habeas petition. Aragon v. Williams, 819 F. App'x 610, 613 (10th Cir. 2020).[3] Second, Carter's reference to text messages exchanged between his child's mother and his counsel fails to implicate § 2244(d)(1)(D). Carter does not contend that the text messages constitute the factual predicate of a claim presented or explain why he was unable to discover the text messages earlier through the exercise of due diligence. Finally, Carter's contention that the state district judge was dilatory in his ruling on Carter's application for post-conviction relief may implicate statutory tolling provisions but does not trigger 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

Thus, the one-year limitation period for Carter to file his petition began to run pursuant to § 2244(d)(1)(A) on March 20, 2020, and the limitation period expired one year later, on March 20,

---

[3] The Court cites unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

4

2021, rendering his August 8, 2022, federal habeas petition untimely absent statutory or equitable tolling.

  b. <u>Statutory and Equitable Tolling</u>

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitation period prescribed by the AEDPA. <u>Clark v. Oklahoma</u>, 468 F.3d 711, 714 (10th Cir. 2006).

Carter filed his first application for post-conviction relief on January 25, 2021, within the one-year limitation period. Sixty-four days elapsed between its filing and the state district court's disposition of the application on March 30, 2021. An additional forty-two days elapsed between that disposition and Carter's voluntary dismissal of his appeal on May 11, 2021. Thus, Carter was entitled to an additional 106 days in which to initiate his habeas action, resulting in a deadline of July 6, 2021.[4] Because Carter did not file his habeas action until August 8, 2022, his petition is untimely despite the benefit of statutory tolling.

While the AEDPA's statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). Carter has not argued that he is entitled to equitable

---

[4] With 106 days of statutory tolling, the AEDPA deadline would have expired on July 4, 2021, a Sunday, and the following day, July 5, 2021, was a legal holiday, so this extended Carter's filing deadline to July 6, 2021. FED. R. CIV. P. 6(a)(1)(C). None of Carter's other filings submitted during the one-year limitation period constitutes a properly filed application for collateral review, within the meaning of 28 U.S.C. § 2244(d)(2).

tolling, and the record before the Court does not demonstrate such entitlement. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).

III. CONCLUSION

Based on the foregoing, the Court grants Hearrell's dismissal motion (Dkt. # 6) and dismisses the petition as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. respondent's motion to dismiss (Dkt. # 6) is **granted**;

2. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed** as barred by the AEDPA's statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 13th day of April, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE